PIERCE, Chief Judge.
Appellants Wesley Lee Colbert and Jimmie Lee Jones jointly appeal from a judgment and sentence entered against them for robbery, consequent upon an adverse verdict after a jury trial.
On June 24, 1970 Colbert and Jones were jointly informed against for the armed robbery of one George House. The only point urged on appeal is the insufficiency of the evidence to convict. We have reviewed the evidence and the record before us and find it amply sufficient to sustain the verdict and judgment.
Colbert and Jones were positively identified as being the robbers by the victim himself, George House. Furthermore one George Otis Troy, uncle of appellant Colbert, testifying as a State’s witness, stated that the night after the robbery he had a conversation with Colbert and Jones at which time they admitted robbing and shooting a “fellow by the name of House”. This conversation was reported to the police, who went to arrest Colbert. When they got to his home they were admitted by *783 his mother. The officer went to his bedroom, and found him hiding, lying down, on top of a closet. The defendants contended in their own behalf at the trial that they were at home at the time of the robbery and their mothers testified in their support.
It is obvious that a clear-cut factual issue is thus made out which it was peculiarly proper for the jurors to reconcile, which they did by their verdict. In such situation, the case is on all fours with that of State of Florida, petitioner, v. Smith, respondent, 249 So.2d 16, decided by the Supreme Court of Florida on May 12, 1971, wherein the conviction for rape and burglary was held proper in the face of a similar factual line of cleavage. Disposing of the case the high Court in Smith said:
“A * * * jury evaluated the evidence, including the credibility of the witnesses, presented in this case and found respondent guilty of the offenses charged. On appeal, the District Court determined that the evidence supported the conviction and the trial was free of error. Once that determination was made, the duty of the District Court was to affirm the conviction.”
It is not the province of an appellate Court to substitute its judgment upon factual issues for that of the jury in cases where the evidence is legally sufficient to support the verdict and the trial is otherwise devoid of error. See Spataro v. State, Fla.App.1965, 179 So.2d 873; Devlin v. State, Fla.App.1965, 175 So.2d 82, and
State, Fla.App.1971, 245 So.2d Harrell v. 302.
The judgment appealed is therefore
Affirmed.
LILES and McNULTY, JJ„ concur.